FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT 29 PM 3:33

U.S. DISTRICT COURT
N.D. OF ALA.

| CITY OF BIRMINGHAM, | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| v. | ] | CV-04-BE-0400-S |
| SAMUEL BARBER, JR., | ] | |
| and | ] | |
| AMERICAN COMPUTER TECHNOLOGY, INC., | ] | |
| Defendants. | ] | |

ENTERED
OCT 28 2004

## MEMORANDUM OPINION

Before the court are Plaintiff City of Birmingham's "Motion for Leave to Amend Its Petition for Preliminary and Permanent Injunction" (Doc. 18), the "Defendants' Motion for Leave to Add S&S LLC as a Third Party Defendant" (Doc. 16), and Defendant Samuel Barber's "Motion to Dismiss" (Doc. 15). For the reasons stated below, the Court denies the Plaintiff's motion to amend its petition (Doc. 18), dismisses the case without prejudice under Federal Rule of Civil Procedure 19(b), and denies as moot the Defendants' motions (Docs. 15 and 16).

The City has requested to amend its petition to add defendants and to suggest an appropriate remedy. The City seeks to add as Defendants S&S LLC, the owner of the City Federal Building, and Samuel J. Wehby, an Alabama citizen who is the managing member of S&S LLC. *See* Doc. 18; Doc. 11, Ex.18, 19. The City also wants to amend its request for abatement of the nuisance created by the disrepair of the City Federal Building by having the

1

court order the building sold at public auction. *See* Doc. 18.

Under Federal Rule of Civil Procedure 15(a), after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." According to the Supreme Court,

> [i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave [to amend a pleading] sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under Federal Rule of Civil Procedure 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Under Federal Rule of Civil Procedure 19(a),

> [a] person. . .whose joinder will not deprive the court of jurisdiction over the subject matter shall be joined as a party if (1) in the person's absence, complete relief cannot be accorded among those already parties or (2) the person claims an interest in the subject matter of the action and is so situated that disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

S&S LLC now owns the building. *See* Doc. 11, Ex. 18. At the hearing on August 30, 2004, when Defendant Barber raised the transfer of ownership as a defense, the court questioned the validity of the transfer and whether it had been made to divest the court of jurisdiction. The

City has not followed up on that suggestion from the court, and the court has nothing before it on which to conclude that the transfer was not legitimate. The court must make its rulings based on the evidence presented to it by the parties.

In the absence of S&S LLC and Samuel Wehby, the court cannot order the building sold or the nuisance abated because "the court can make a legally binding adjudication only between the parties actually joined in the action." Fed. R. Civ. P. 19 advisory committee's note. Any order to sell or to not sell the building or to abate the nuisance in any manner would necessarily require action on the part of the owner of the building. Moreover, any order entered in S&S LLC's absence would materially impair S&S LLC's ownership interest in the building. In addition, Samuel Wehby is the managing member of S&S LLC. Any order to sell the building or to abate the nuisance will require him to act or refrain from acting in that capacity and will therefore impair or impede his ability to protect his interest in S&S LLC. Therefore, S&S LLC and Samuel Wehby are necessary parties under Federal Rule of Civil Procedure 19(a) and must be joined "if feasible."

However, in this case, the court cannot join Samuel Wehby and S&S LLC because joinder of Alabama defendants will destroy diversity and deprive the court of jurisdiction over the subject matter of this action. The court's jurisdiction in the case is founded on the diversity of the parties' citizenship under 28 U.S.C. § 1332. *See* Doc. 1. The requirement of "complete diversity" in such cases is not a mere technicality, but a two-hundred-year-old fundamental: a court can only exercise jurisdiction in a diversity action when no defendant is a citizen of the same state as any plaintiff. *See Strawbridge v. Curtis*, 1 U.S. (3 Cranch) 267 (1806); *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).

The City of Birmingham is a citizen of the State of Alabama. *See Illinois v. Milwaukee*, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). S&S LLC is a limited liability corporation whose members are Samuel Barber, a citizen of Georgia, and Samuel Wehby, a citizen of Alabama. *See* Doc. 1; Doc. 18, *Amendment to Petition for Preliminary and Permanent Mandatory Injunction*; Doc. 11, Ex.19. "For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, for diversity purposes, S&S LLC is a citizen of Alabama, the state of Samuel Wehby's citizenship, and also a citizen of Georgia, the state of Samuel Barber's citizenship. Because Plaintiff City of Birmingham is a citizen of the same state as Samuel Wehby and S&S LLC, joinder of Wehby and S&S LLC as defendants will destroy complete diversity and thereby divest the court of subject matter jurisdiction.

Under Federal Rule of Civil Procedure 19(b) when the court cannot join a party who, under Rule 19(a), must be joined if feasible,

> the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Because all the factors listed in Rule 19(b) weigh heavily in favor of dismissing the

4

action, the court must dismiss the case without prejudice for nonjoinder. First, judgment rendered in the absence of Samuel Wehby and S&S LLC will prejudice those already parties. No order entered in their absence can satisfactorily relieve the City of the public nuisance caused by the disrepair of the City Federal Building. If the case proceeds without Wehby and S&S LLC, the City and Defendants will be forced to bear the expense of further litigation that will not solve the problem. Meanwhile, terra cotta falling from the building will continue to endanger people and property. Second, the court cannot lessen the prejudice by shaping relief without requiring some action on the part of S&S LLC and Samuel Wehby, and the court cannot order action on the part of persons or entities not parties to the action. *See* Fed. R. Civ. P. 19 advisory committee's note. Third, the court cannot fashion adequate relief without requiring S&S LLC and Samuel Wehby either to participate in abating the nuisance or to cooperate in selling the building. *See* Fed. R. Civ. P. 19(b). Fourth, the City will have an adequate remedy if the action is dismissed without prejudice for nonjoinder because the City can file suit in state court where subject matter jurisdiction will not be a problem. *See* Fed. R. Civ. P. 19(b).

    The court regrets that it must dismiss this case, but it has no power to exercise jurisdiction over the case if Samuel Wehby and S&S LLC are added as parties, and it cannot grant relief in their absence. The dangerous, deteriorating condition of the City Federal Building indeed presents a public nuisance that needs to be remedied. The City has finally suggested an appropriate means for abatement (*see* Doc. 14, p. 2) in a court-ordered auction. However, if this court were to join as parties those persons necessary and indispensable for ordering such relief, the Defendants would have certain grounds for reversal on appeal–lack of subject matter jurisdiction. The court hopes the City will learn from its procedural missteps in this court and

will take the appropriate steps to promptly receive injunctive relief by refiling this case in state court where subject matter jurisdiction will not be a problem.

Because the court cannot join Samuel Wehby and S&S LLC as parties or, in their absence, order the building sold, the court denies Plaintiff City of Birmingham's "Motion for Leave to Amend Its Petition for Preliminary and Permanent Injunction" (Doc. 18). The court dismisses the case without prejudice under Federal Rule of Civil Procedure 19(b). The court denies as moot "Defendants' Motion for Leave to Add S&S LLC as a Third Party Defendant" (Doc. 16) and Defendant Samuel Barber's "Motion to Dismiss" (Doc. 15).

A separate order will be entered contemporaneously with this memorandum opinion.

DONE and ORDERED this ____ day of October, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE